## Wronosky v. Cucinelli

*Robert E. Kunselman*, for defendants.

REED, P. J., June 29, 1964.—In the above entitled matter a writ of certiorari to Albert S. Kuhni, Justice of the Peace, was issued on application of defendants, the petition praying that the judgment of the justice of the peace be set aside on the ground that the justice of the peace did not have proper jurisdiction of the subject matter.

The Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 2, 42 PS §422, provides that justices of the peace are empowered upon complaint to issue a summons to a defendant to appear before the justice on a certain day therein to be expressed, not more than eight, nor less than five days after the date of the summons. It further provides that service shall be had by leaving a copy of the summons at defendant's dwelling house in the presence of one or more of his family or neighbors at least four days before the time of hearing.

The original summons, as returned, pursuant to the certiorari and the civil transcript shows that the summons issued on March 9, 1964, to Joseph Senkovich,

Constable, returnable the twenty-first day of March, 1964, between the hour of 3 p.m., and 4 p.m. Across the face of the summons, written in ink, appears the following unsigned by any person: "Served on Mrs. Alice Cucinelli Mar. 18, at 4:00 p.m."

On the copy of the transcript filed, pursuant to the certiorari, appears the following:

"Served on Defendant by handling a true and attested copy of the summons to Mrs. Alice Cucinelli at their place of residence on the 18th day of March, 1964 at 4:00 p.m. so answers Joseph Senkovich, constable being duly sworn this 18th day of March, 1964"

"And now March 21, 1964 4:00 p.m. TO-WIT: The plaintiff, George Wronosky appears but defendants do not appear . . . . . . . I, therefore, hereby publically give judgment for the plaintiff against the defendants in the amount of $130.00 plus the costs of suit."

A mere examination of this return and the copy of the transcript indicates that the act was not followed in that the day fixed for hearing was 12 days after the issuance of the summons; also in that there is no return of service whatever by the constable and even if we were to accept the above quoted writing which appears across the face of the summons to be a return of service, it would indicate a service only on Mrs. Alice Cucinelli only whereas the judgment was purported to have been entered by the justice of the peace as against all of the defendants.

Since these are fatal defects on the face of the record and indicate that the justice was without jurisdiction of the subject matter, the judgment must be reversed and costs placed upon plaintiff and it will be so ordered.

### Order

Now, June 29, 1964, upon consideration of the above entitled matter and an examination of the transcript of the justice of the peace, it is ordered, adjudged and

decreed that the exceptions filed by defendants be and they are hereby sustained. It is further ordered, adjudged and decreed that said judgment resulting from the service be and the same is declared invalid and void; it is further ordered and decreed that judgment be entered in favor of Judith Ann Cucinelli and Alice and James Cucinelli, defendants, and against George Wronosky, plaintiff.